IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19 CR 945 SRC |
| ) | |
| CARMETRIUS SANDERS ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Carmetrius Sanders is 32 years old.  He is father to three children and has a loyal, supportive network of friends and family in the community.  Though Mr. Sanders has prior criminal convictions that are both serious and dangerous, he is not a violent man.  As detailed in the Presentence Report (PSR), Mr. Sanders has struggled with drugs and alcohol since his early teenage years.  He dropped out of high school in the tenth grade and has lacked direction for his entire life.  The Court has the power to intervene in Mr. Sanders' life in a meaningful way and help provide a foundation for him to stay out of trouble upon release from custody.  To that end, Mr. Sanders requests that the Court recommend that be screened for the Residential Drug Abuse Program (RDAP), as well as other job training or education program offered in the Bureau of Prisons (BOP).  With regard to the custodial portion of the sentence, Mr. Sanders requests that the Court consider a sentence at the low-end of a 46-57 month guideline range.[1]  Further, he asks

---

[1] See Document #39 where Mr. Sanders requests that the Court consider a downward departure for over-represented criminal history.

the Court order the sentence to run concurrently with any other sentence pending in any other court.[2]

Thus far, Mr. Sanders' life has been defined by poverty, tragedy and despair.[3] He was raised primarily by his mother, Pearlisa Sanders-Brown. He rarely saw his biological father, Louis Payton, who was addicted to drugs and often incarcerated. Payton died from a drug overdose in 2018 while incarcerated at the St. Louis Medium Security Institution (the Workhouse). Throughout his childhood, his mother had many boyfriends, but Mr. Sanders lacked a stable father-figure. Despite her best efforts, Ms. Sanders-Brown was often unable to provide her children with enough food, clothing and utilities. Out of necessity, they bounced around between the homes of extended family members, where Mr. Sanders would frequently see his cousins and uncle use narcotics and drink excessive amounts of alcohol. When he was a teenager, Mr. Sanders and his family moved into the Cochran housing projects in North St. Louis City. Often referred to as "the Cochrans," the apartments are located in a very dangerous area that is plagued by drugs and gang activity. As noted in the PSR, Mr. Sanders and his family were often the victims of violent crime in the Cochrans. He was jumped by others in the neighborhood, and several of his family members were robbed at gunpoint. Sadly, one of his very close friends was murdered in the Cochrans when Mr. Sanders was just 15 years old. In his youth and teenage years, Mr. Sanders experienced more hardship than the average person. His early years were difficult through no fault of his own, and Mr. Sanders is still experiencing the effects today. He asks that the Court consider his difficult upbringing when fashioning an appropriate sentence for this case.

---

[2] See Paragraphs 55-57.
[3] For details, see PSR Paragraph 59, as well as paragraph 108, which identifies Mr. Sanders' life expeiences as reasons to consider a downward variance.

In more recent years, Mr. Sanders experienced two major tragedies. In 2014, Mr. Sanders' own brother, Devonte Sanders, was murdered. His killers have never been arrested. In addition, Tenisha Barnes, the mother Mr. Sanders' firstborn son, was killed in 2012 when she was hit by a stray bullet that struck her house. Mr. Sanders was in the house with Ms. Barnes when she was shot, along with their young child. Mr. Sanders treated her wounds and performed CPR while waiting for the ambulance, but he was unable to save her. Ms. Barnes' death profoundly affected Mr. Sanders' mental state. Her death continues to haunt him. In the immediate aftermath of her death, Mr. Sanders experienced extreme pain and loss, manifesting itself in difficulty sleeping and suicidal thoughts. He turned to drugs to cope, and his life spiraled out of control. He was arrested for his first felony drug possession case in 2012 (Paragraph 42), which was quickly followed up by a second drug-related offense in 2014. Clearly, Mr. Sanders is not a violent person. The facts of the instant case, as well as his prior arrests and convictions, do not indicate that he is the type of person intent on harming others. However, drug users are inherently dangerous and unpredictable, as they often make bad decisions that place others (and themselves) in harm's way. Mr. Sanders knows that he is lucky to be alive and thankful that his actions have not physically harmed anyone else. Having seen his brother and Ms. Barnes die so young, Mr. Sanders has developed a new respect and appreciation for his own life and the lives of others. He is determined to do everything that in his power to ensure that he lives a long, happy life upon release.

Mr. Sanders has been incarcerated at the St. Louis City justice center for almost an entire year. With drugs and alcohol out of his system, he has had a long time to think about the actions that led to his incarceration. He is finally seeing clearly and knows that his life was out of control prior to his arrest. He knows that, above all, he must address his drug addiction. If he

does not, he will end up dead or in prison.  To date, Mr. Sanders' lengthiest prison sentence was a 120-day treatment program in the Missouri Department of Corrections.  He has never actually been to prison to serve a full sentence.  Here, he knows that the Court is going to order him to serve a substantial term of imprisonment for his actions, as well as supervised release.  He is serious about making the most of this time by completing the RDAP program, obtaining a GED and learning other skills that will serve him well when he returns to the world.  He has three young children depending on him, and the last thing that he wants is for them to grow up without a father—like he did.  RDAP is an excellent program that will help Mr. Sanders understand the root causes of his addiction and learn alternative ways to deal with the stressors that lead to drug use.  While it is will not be easy, Mr. Sanders is confident that, with the proper guidance and education, he can develop the tools to take his life back and stay away from drugs for good.

There is no dispute that Mr. Sanders broke the law.  He knows that there are consequences for his actions.  However, the Court should take into consideration that, despite that fact that this case involves a weapon, Mr. Sanders does not have a violent criminal history.  He has two felony convictions for possessing drugs, as well as various misdemeanor offenses.  Here, Mr. Sanders made terrible decisions.  He accepts responsibility for his actions.  He looks forwarded to bettering himself while in prison and taking advantage of the services provided by the probation office upon his release.  For all the reasons stated above, Mr. Sanders asks that this Court consider sentencing him a term of imprisonment at the low-end of a 46-57 month guideline range.  Such a sentence is substantially greater the longest prior term of incarceration (120 days) he has ever served.  A term of imprisonment within a 46-57 month range will provide just punishment, protect the public, provide adequate deterrence and promote respect for the law.

Such a sentence is sufficient, but not greater than necessary to achieve the purposes set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

/s/  *Michael P. Mahon*
MICHAEL PATRICK MAHON, #61958 MO
Assistant Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Michael_Mahon@fd.org

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2020, the foregoing was filed electronically under seal with the Clerk of the Court and a copy was sent via electronic mail to Tom Mehan, Assistant United States Attorney.

/s/ *Michael P. Mahon*
MICHAEL P. MAHON
Assistant Federal Public Defender